THE UNION TRUST COMPANY OF NEW YORK, Respondent, *v.* WILLIAM H. OLMSTEAD, Appellant.

*Court of Appeals, June 15, 1886.*

*Mortgage. Foreclosure. Part of premises in another state.*—The supreme court of this state has jurisdiction, in an action to foreclose a mortgage, to decree a sale of the whole of the mortgaged premises, though a portion thereof lies in another state. The court may order the mortgagor, if subject to its jurisdiction, to execute a conveyance in aid of a sale under the decree. Such order, though not originally demanded, can be granted by way of amendment, even after the report of sale.

Appeal from an order of the supreme court at general term, reversing so much of an order of the special term as denied a motion to amend the decree of foreclosure therein, *nunc pro tunc*, by inserting therein a provision requiring the mortgagors to execute to the purchaser a deed of the mortgaged property.

*McNaughton & Olmstead*, for appellant.

*Miller, Peckham & Dixon*, for respondent.

DANFORTH, J.—The plaintiff sought by foreclosure and sale to enforce a mortgage executed by the defendant corporation. The supreme court had jurisdiction over the cause of action and the parties ; and its decree is valid, although part of the premises covered by it are in another state. Its writ may not be operative there, nor its judgment capable of execution as against that portion of the

property ; and for that reason the court might have required the mortgagor to execute a conveyance to the purchaser, in order that the whole security offered by the mortgage should, so far as possible, be made effective.    Muller *v.* Dows, 94 U. S. 450.

This was not done, but the power of the court was not exhausted, and what it might have ordered in the first instance, it could still require by amendment.    The order appealed from goes no further than to carry out the intention of the parties to the mortgage, as ascertained by the decree ; it relates to a matter within the jurisdiction of the court, and its exercise is not the subject of review.

The appeal should, therefore, be dismissed.

All concur, except MILLER, J., absent.